IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>   Petitioner,<br><br>   v.<br><br>PATRICK COVELLO,<br><br>   Respondent. | No. 2:21-CV-1328-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts various challenges to a 1996 judgment of not guilty by reason of insanity in the Sacramento County Superior Court. Respondent moves for dismissal of the petition on three grounds: (1) petitioner has not met the custody requirement of § 2254 when he filed the petition, (2) the petition is untimely, and (3) petitioner's claims are unexhausted. Resp.'s Mot. to Dism. (MTD), Doc. 15. For the reasons set forth here, the Court will recommend that respondent's motion to dismiss be granted.

///
///
///
///
///

# I. BACKGROUND

Petitioner was charged in December 1994 with first degree burglary in violation of California Penal Code § 459. See MTD, Ex. 1, Doc. 16-1; Sacramento Sup. Ct. Case No. 94F04029. By court trial on March 1, 1996, petitioner was found not guilty by reason of insanity and civilly committed to the California Department of State Hospitals (DSH). Id. Petitioner was ultimately released from DSH custody in April 2016 after the state court found insufficient evidence to extend his commitment. Id.

Three years after his release from DSH, petitioner filed two habeas petitions in the Sacramento County Superior Court challenging the judgment in Case No. 94F04029. See Am. Pet., Ex. A, Doc. 8 at 29-30. Citing People v. Villa, 45 Cal.4th 1063 (2009) and California Penal Code § 1473, the state court denied both petitions because petitioner was no longer in custody pursuant to the judgment in that case.[1] See id.

In January 2020, petitioner filed a federal habeas petition in this court, again challenging the judgment in Case No. 94F04029. Turner v. Unknown, E.D. Cal. Case No. 2:20-cv-00201-KJM-CKD. As with his state habeas petitions, petitioner's federal petition was dismissed in August 2020 because he was no longer in custody pursuant to the judgment in that case.

Petitioner then filed the instant federal habeas petition in July 2021 and is proceeding on a first amended petition. Once more, petitioner asserts various challenges to the judgment in Case No. 94F04029, including ineffective assistance of counsel, new evidence showing actual innocence, and improper exclusion of evidence at trial.

///
///
///
///

---

[1] Section 1473 states that a person "unlawfully imprisoned or restrained" may pursue habeas relief. Villa held that a petitioner whose state probation period had ended and who then was placed in immigration deportation proceedings was not in actual or constructive custody for habeas purposes. Id. at 1072.

2

## II.  DISCUSSION

### A. <u>Petitioner Does Not Meet the In Custody Requirement</u>

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted). Here, because petitioner is no longer in custody pursuant to the judgment in Case No. 94F04029, he does not meet the "in custody" requirement of § 2254.

### B. <u>The Petition is Untimely</u>

Moreover, the petition is untimely. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly- recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d)(1).

There is no dispute that petitioner's 2021 federal habeas petition challenging the 1996 judgment was filed well beyond the limitations period. Conceding this, petitioner suggests a later trigger date is warranted based on new evidence of actual innocence. However, he does not identify the alleged new evidence (he states only that it was "evidence from the investigator"), does not show that it was unavailable or unknown to him at the time of trial, and does not demonstrate due diligence. Petitioner then suggests that he is entitled to equitable tolling. Under Ninth Circuit authority, the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only

1  where " 'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on
2  time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy
3  burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.' "
4  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

5        Petitioner has not demonstrated the requisite "extraordinary circumstances." He
6  asserts that he was prevented from filing a timely habeas petition because he did not have access
7  to legal materials. Pl.'s Opp'n at 7.[2] However, he does not identify those materials or explain
8  how they were relevant to the timely presentation of his claims. Petitioner also states that he has
9  a mental illness and "a comprehesion [*sic*] and reading disability and thoughts." Am. Pet. at 13,
10  Doc. 8 at 24. Yet petitioner submits no evidence of the nature of his illness or cognitive
11  impairments, and he fails to show how it affected his ability to pursue his claims. The record, on
12  the other hand, reveals that petitioner had been diagnosed with "Other Specified Schizophrenia
13  Spectrum Disorder" and various substance use disorders. See MTD, Ex. 2, Doc. 16-2 at 9-10. In
14  fact, petitioner's mental illness had stabilized enough over the years that he had been released to
15  an outpatient treatment program three times: (1) once for eight months (May 26, 1998 to
16  February 19, 1999); (2) then for thirty-two months (February 9, 2001 to October 16, 2013), and
17  (3) finally for two months (June 29, 2011 to September 17, 2011). Furthermore, a "Physician's
18  Progress Note" dated May 2016 from DSH's Napa State Hospital shows that, at least since
19  September 2012, petitioner had not exhibited any psychotic symptoms that were present at the
20  time of his offense. See MTD, Ex. 1, Doc. 16-2 at 7. Petitioner was also observed to be
21  "coherent, logical & goal directed," and his "attention & concentration were good." See id., Doc.
22  16-2 at 9. Thus, none of petitioner's bare contentions satisfy the high bar for equitable tolling.
23  / / /
24  / / /
25  / / /
26  / / /

---

[2]    Though titled a "Traverse," this filing is petitioner's opposition to the pending motion to dismiss.

4

### C. **Petitioner's Claims are Unexhausted**

Lastly, petitioner's claims are unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[3] A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

It appears that petitioner has not yet exhausted his habeas claim in the state courts, considering he filed a habeas petition only in the Sacramento County Superior Court. There is no indication that petitioner has presented his claim to either the California Court of Appeal or the California Supreme Court. Therefore, even if the petition is timely, it is completely unexhausted and subject to dismissal.

Acknowledging as much, petitioner requests a stay-and-abeyance of these proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Am. Pet. at 13, Doc. 8 at 9-11, 24. The court may stay a federal habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See id. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay and abeyance procedure to wholly unexhausted petitions).

Rhines does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has not established a precise definition beyond holding that the test for "good cause" is less stringent than an "extraordinary circumstances" standard. See Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014); see also Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)

---

[3] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

("Although examination into [petitioner's] failure to exhaust was proper, and indeed, necessary, under Rhines, we hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by Rhines."). The good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing Rhines, 54 U.S. at 276–77). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify the petitioner's failure to exhaust the unexhausted claim in state court. Blake, 745 F.3d at 982. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

To establish good cause, Petitioner once more relies on new evidence of innocence, his mental illness, cognitive impairments, and lack of access to his legal materials. For the reasons discussed, the Court finds these reasons insufficient, even under the less stringent good cause standard. But even if Petitioner was able to establish good cause for his failure to exhaust his claims, granting a Rhines stay would be futile if Petitioner's claims are otherwise untimely. See Espana v. Hetton, 2019 WL 13036409, at *4 (C.D. Cal. Sept. 9, 2019) ("Even if Petitioner was able to establish good cause for his failure to exhaust his claims, granting a Rhines stay would be futile as his claims are untimely under federal law."), report and recommendation adopted, 2019 WL 5538420 (C.D. Cal. Oct. 24, 2019). Because the petition is also untimely, Petitioner is not entitled to a stay-and-abeyance.

///
///
///
///
///
///

6

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss, Doc. 15, be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed; and

3. All other pending motions, Docs. 21 and 25, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE