UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | No.  2:21-cv-01328-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. Nos. 15, 32) |

Petitioner Anthony Dewayne Lee Turner is a former state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 1, 2022, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 15) be granted because:  (1) petitioner is not in custody and was not in custody when he filed the petition; (2) the pending federal habeas petition is untimely because it challenges a state court judgment entered in 1996 and petitioner has not established that he is entitled to equitable tolling of the applicable statute of limitations; and (3) petitioner did not exhaust his claims by first presenting them to the highest state court prior to seeking federal habeas relief.  (Doc. No. 32 at 3–6.)  Those findings and recommendations were served on all parties and contained notice that any objections thereto were

1  to be filed within fourteen (14) days from the date of service. (*Id*. at 5.) On August 15, 2022,
2  petitioner filed objections to the pending findings and recommendations. (Doc. No. 33.)
3  Respondent did not file objections of his own or a response to petitioner's objections.[1]

4      In his objections, petitioner does not meaningfully address the analysis in the findings and
5  recommendations or contest that he is no longer in custody. Rather, petitioner reiterates his
6  arguments on the merits of his untimely, unexhausted federal habeas petition. (Doc. No. 33.)
7  Accordingly, petitioner's objections provide no basis upon which to reject the pending findings
8  and recommendations.

9      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
10 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
11 including petitioner's objections, the court finds the findings and recommendations to be
12 supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the
13 pending petition will be granted.

14     Additionally, the court declines to issue a certificate of appealability. A petitioner seeking
15 writ of habeas corpus has no absolute right to appeal; he may appeal only in limited
16 circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule
17 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a
18 certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth
19 Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will
20 issue a certificate of appealability "if jurists of reason would find it debatable whether the petition
21 states a valid claim of the denial of a constitutional right and that jurists of reason would find it
22 debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529
23 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the
24 petition to be debatable or conclude that the petition should proceed further. Thus, the court
25 declines to issue a certificate of appealability.
26 /////
27

28 [1] This case was reassigned to the undersigned district judge on August 25, 2022. (Doc. No. 34.)

2

Accordingly,

1. The findings and recommendations issued on August 1, 2022 (Doc. No. 32) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 15) is granted;
3. The amended petition for writ of habeas corpus (Doc. No. 8) is dismissed;
4. Petitioner's pending motions (Doc. Nos. 21, 25) are denied as having been rendered moot by this order and are denied on that basis;
5. The court declines to issue a certificate of appealability; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 10, 2022**

  /s/ Dale A. Drozd
  UNITED STATES DISTRICT JUDGE